```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| **RONALD L. HATTENSTEIN, JR.** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *   Civil Action 07-00470-CB-B |
| | * |
| **MICHAEL J. ASTRUE,** | * |
| **Commissioner of** | * |
| **Social Security,** | * |
| | * |
|     **Defendant.** | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's unopposed Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 15). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

In its Motion and Memorandum in support thereof, Defendant requests a judgment of remand of the cause to the Commissioner of Social Security for further administrative proceedings. (Doc. 15). Specifically, Defendant states that on remand:

> [T]he Commissioner will direct an Administrative Law
> Judge to hold a further hearing and issue a new decision
> to address whether Plaintiff meets or equals 20 C.F.R.
> pt. 404 subpart. P, app. 1, §§ 12.05B and C; redetermine
> Plaintiff's residual functional capacity; and develop the
> record with respect to the physical and mental
> requirements of Plaintiff's past relevant work as a
> janitor as he performed it, and/or obtain vocational
> expert testimony regarding this past relevant work to

> resolve the inconsistency in the current decision regarding the job's requirements, or to determine whether other jobs exist Plaintiff can perform.

(Doc. 15, Memorandum at 1-2). Additionally, Defendant represents that Plaintiff's counsel has been contacted, and that there is no objection to the relief sought in Defendant's Motion. (Doc. 15, Motion at 1).

Upon consideration of the foregoing, and the language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," the undersigned **RECOMMENDS** that Defendant's unopposed Motion to Remand be **GRANTED**, and that this Court enter judgment reversing and remanding this cause to the Commissioner for action consistent with the Defendant's motion. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89 (1991).

This remand, pursuant to sentence four of section 205(g) of the Social Security Act, makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Shalala v. Schaefer, 509 U.S. 292 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **5th** day of **May, 2008.**

          <u>/S/ SONJA F. BIVINS</u>
         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; and <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection</u>.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. <u>See</u> Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this

action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**