IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD L. HATTENSTEIN, JR.,        *
                                   *
     Plaintiff,                    *
                                   *
vs.                                *   CIVIL ACTION 07-00470-CB-B
                                   *
MICHAEL J. ASTRUE,                 *
Commissioner of                    *
Social Security,                   *
                                   *
     Defendant.                    *

## REPORT AND RECOMMENDATION

This action is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Petition for Authorization of Attorney Fees (Doc. 24), Defendant's Objection to Petition for Authorization of Attorney Fees (Doc. 28), and Plaintiff's Amended Petition for Authorization of Attorney Fees (Doc. 29). Upon consideration of all pertinent materials contained in this file, it is recommended that the Amended Petition for Authorization of Attorney Fees be **GRANTED.**

## A.   Findings Of Fact

1.   Plaintiff filed an application for a period of disability and disability insurance benefits, and for supplementary income benefits under Titles II and XVI of the Social Security Act ("Act") 42 U.S.C. 401-433, 1381-1383h on September 9, 2004. (Doc. 9 at 57-60, 183-189). Plaintiff's claims were denied at the initial level on December 28, 2004. (Doc. 24 at 2).

2.   In an Order dated July 26, 2006, an Administrative Law Judge issued a decision wherein he found that Plaintiff was not entitled to a period of disability, disability insurance benefits and supplemental security income benefits.   (Doc. 24 at 2). Plaintiff timely filed an appeal, and on April 30, 2007, the Appeals Council ("AC") denied the request for review.   Id.

3.   On June 11, 2007, Plaintiff and his attorney ("Petitioner") executed an agreement wherein Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him and his family in the event of the successful prosecution of his claim in federal court. (Doc. 24-5, Exhibit D).

4.   Petitioner filed an action in this Court on June 29, 2007 seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits and supplemental security income benefits.   (Doc. 1).

5.   On November 20, 2007, Senior Judge Charles R. Butler, Jr., entered an Order and Judgment, reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).   As a result, Plaintiff was a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 17, 18).

6.   On August 7, 2008, Petitioner filed a Motion for Attorney

2

Fees pursuant to the EAJA, and on March 17, 2009, the Court awarded Petitioner $2,469.98 for attorney's fees.  (Doc. 19, 22, 23).

7.  Upon remand, a fully favorable decision was rendered on December 2, 2008.  It was determined that Plaintiff was entitled to benefits under Title II as of June 1, 2004, and under Title XVI as of September 9, 2004.  (Doc. 24 at 2-3).  On January 23, 2009, Social Security issued an Notice of Award of Plaintiff's disability insurance benefits which provided that $3,214.10 was withheld from Plaintiff's disability insurance benefits award as payment for authorized attorney's fees.  (Doc. 24-3 at 3).  On January 30, 2009, Social Security issued a Notice of Award of supplementary income benefits.  The Notice did not specify the amount withheld from Plaintiff's supplementary income benefits as payment for authorized attorney's fees, but detailed a schedule of payments totaling $20,310.93 in past-due SSI benefits.  (Doc. 24-4).

8.  In his original petition, Petitioner requests 25% of Plaintiff's past-due benefits, less the $3,214.10 in administrative attorney fees previously authorized pursuant to Equal Access to Justice Act ("EAJA")(Doc. 24-6 at 1-2), for a total amount of $5,077.73 for legal services rendered to Plaintiff before this Court.  Petitioner argues that said amount is consistent with the agreement reached between himself and Plaintiff.  (Doc. 24-5, Exhibit D).

10.  In response to Petitioner's request for contingency fees,

Respondent filed an Objection to Petition for Authorization of Attorney Fees (Doc. 28). Respondent asserts that Petitioner has incorrectly calculated Plaintiff's past due SSI benefits based on Plaintiff's "past due benefits" rather than his "past due benefits payable." According to Respondent, when a Plaintiff is awarded past due benefits under Title II and also under Title XVI, the amount of past due benefits under Title XVI is adjusted to take into consideration Plaintiff's additional income resulting from the awarded Title II benefits. Respondent asserts that Petitioner did not take this adjustment into consideration in his calculations, and that when this adjustment is made, Plaintiff's past due benefits payable is $9,117.93. Respondent thus asserts that Petitioner is entitled to no more than 25% of that amount, or $2,279.48, for legal services rendered to Plaintiff before this Court for Title XVI benefits. (Doc. 28).

11. Petitioner filed an Amended Petition for Authorization of Attorney Fees on July 21, 2009. In the Amended Petition, Petitioner states that he agrees with the Commissioner's response that the Court should award the amount of $2,279.48 in attorney fees pursuant to 42 U.S.C. 406(b), and asks that the Commissioner include in its order an authorization for Petitioner to retain the higher amount of $2,469.98, which was awarded pursuant to EAJA, and pay Plaintiff the smaller amount of $2,279.48. (Doc 29).

B.  **Conclusions Of Law**

4

A.   **Governing Law**

"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).   When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff.   See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code.   Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

2.   **Discussion**

Petitioner states in his Amended Petition for Authorization of Attorney Fees that he concurs with Defendant that the Court should award the amount of $2,279.48 in attorney fees pursuant to 42 U.S.C. 406(b), which is 25% of past-due benefits awarded Plaintiff.   He asks that the court allow him to retain the higher amount of $2,469.98, awarded pursuant to EAJA on March 17, 2009

5

(Docs. 22, 23), and that the smaller amount of $2,279.48 be refunded to Plaintiff. (Doc. 29 at 1-2)

The undersigned has carefully reviewed the record in this case, including the Commissioner's response and Petitioner's Amended Petition for Authorization of Attorney Fees. Based upon a thorough review of the record, the undersigned finds that Petitioner is entitled to retain the $2,469.98 previously awarded pursuant to EAJA, and orders that the smaller amount of $2,279.48 be paid to Plaintiff.

C. <u>Conclusion</u>

Accordingly, the undersigned RECOMMENDS that the Amended Petition for Authorization of Attorney Fees (Doc. 29) be **GRANTED,** that Petitioner retain, as an attorney's fee pursuant to Section 406(b) for services rendered representing Plaintiff at the federal court level, the sum of **$2,469.98,** the amount previously awarded pursuant to the EAJA.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

DONE this **23rd** day of **July, 2009.**

<u>        /s/ SONJA F. BIVINS        </u>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.    <u>**Objection**</u>.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    <u>**Opposing party's response to the objection.**</u>   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    <u>**Transcript (applicable where proceedings tape recorded)**</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

7

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

           **/s/SONJA F. BIVINS**
          **UNITED STATES MAGISTRATE JUDGE**